UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SERWAN MIZORI,

    Defendant-Movant,

v.

UNITED STATES OF AMERICA,

    Plaintiff-Respondent.
_____/

Case No. 1:23-cv-458

Honorable Paul L. Maloney

**OPINION AND ORDER**

    Currently pending before the Court is Defendant-Movant Serwan Mizori ("Defendant")'s *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) For the reasons set forth below, Defendant's motion will be denied.

**I.    Background**

    On January 9, 2013, a grand jury returned an Indictment charging Defendant with numerous drug crimes related to the possession and distribution of cocaine base and marijuana. *See United States v. Mizori*, No. 1:13-cr-9-2 (W.D. Mich.) (ECF No. 1). Ultimately, Defendant entered into a plea agreement in which he agreed to plead guilty to Count 34 of the Indictment, charging him with distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See* Plea Agreement, *id.* (ECF No. 84, PageID.199). The plea agreement set forth that Defendant faced a maximum term of incarceration of 20 years. *Id.*, (ECF No. 84, PageID.200). The parties appeared before the undersigned for Defendant's change of plea hearing on May 13, 2013. *See* Change of Plea Hr'g Tr., *id.* (ECF No. 188).

On September 30, 2013, the Court sentenced Defendant. *See* Sentencing Hr'g Tr., *id.* (ECF No. 178). At sentencing, the Court noted that Defendant's total offense level was 38 and that he fell within criminal history category V, resulting in a Sentencing Guidelines range of 360 months to life. *See id.*, (ECF No. 178, PageID.941). However, the statutory maximum of 240 months became the advisory guidelines range. *Id.* The Court sentenced Defendant to 240 months' incarceration, to be followed by 5 years of supervised release. *See* J., *id.* (ECF No. 156).

Defendant appealed his conviction and sentence, arguing that

> he did not knowingly and intelligently enter into the plea agreement because neither the court, the government, nor his attorney informed him that he could be sentenced—after dismissal of the conspiracy count—based on the total quantity of drugs sold by all of his co-conspirators during the course of the conspiracy.

*United States v. Mizori*, 601 F. App'x 425, 426–27 (6th Cir. 2015). Defendant also challenged this Court's application of various sentencing enhancements and the sentencing determination itself. *See id.* at 427. The United States Court of Appeals for the Sixth Circuit rejected Defendant's arguments and affirmed his conviction and sentence on March 10, 2015. *See id.*

On August 12, 2015, Defendant filed a § 2255 motion, raising claims of ineffective assistance of counsel. *See* § 2255 Mot., *id.* (ECF No. 221). In an opinion and order, with judgment, entered on July 17, 2019, the Court denied Defendant's § 2255 motion and declined to issue a certificate of appealability. *See* Op. and Order, J., *id.* (ECF Nos. 335, 336). Defendant subsequently moved for an extension of time to file a notice of appeal out of time, which the Court denied in an order entered on October 16, 2019. *See* Mot. and Order, *id.* (ECF Nos. 339, 340). Defendant appealed from that order. On January 20, 2022, the Sixth Circuit reversed this Court's order denying Defendant's motion for an extension of time to file a notice of appeal and remanded the matter for further proceedings. *See Mizori v. United States*, 23 F.4th 702, 703 (6th Cir. 2022).

3

On remand, Defendant filed a renewed motion for an extension of time to file a notice of appeal to appeal the denial of his § 2225 motion, and the Court granted Defendant's motion in an order entered on February 25, 2022. *See* Mot. and Order, *United States v. Mizori*, No. 1:13-cr-9-2 (W.D. Mich.) (ECF Nos. 379, 380). Counsel subsequently appeared to represent Defendant and filed a notice of appeal on April 15, 2022. See Notice of Appeal, *id.* (ECF No. 383). In an order entered on August 10, 2022, the Sixth Circuit denied Defendant's motion to grant a certificate of appealability. *See* Order, *id.* (ECF No. 384).

On August 12, 2022, the Sixth Circuit received from Defendant a motion for leave to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244. The Sixth Circuit directed Defendant to complete and file the required documents on or before September 12, 2022. *See* Letter, *id.* (ECF No. 386). Defendant did so, raising two claims: (1) that he was entitled to resentencing because one of his prior convictions used to calculate his Guidelines range had been expunged; and (2) counsel was ineffective for failing to call witnesses at sentencing to refute the government's allegations that Defendant merited a sentencing enhancement for leading a drug operation. In an order entered on May 2, 2023, the Sixth Circuit denied Defendant's motion, but noted that Defendant's first proposed claim for relief was not second or successive because it was not ripe for consideration at the time Defendant filed his first § 2255 motion. *See* Order, *id.* (ECF No. 390). The Sixth Circuit transferred the matter to this Court for further consideration. *See id.*

This Court docketed the instant § 2255 motion as of May 2, 2023. (ECF No. 1.) In an order (ECF No. 3) entered on May 5, 2023, the Court directed the government to file a response to the motion. The government filed its response, as well as an exhibit under seal, on June 29, 2023. (ECF Nos. 6, 8.) Defendant has not filed a reply, and the time for him to do so has expired.

4

## II.     Analysis

### A.     Legal Standards

#### 1.     Merits

A prisoner may move to vacate his sentence under 28 U.S.C. § 2255 if he can demonstrate that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it "is otherwise subject to collateral attack." 28 U.S.C. § 2255. However, "Section 2255 does not provide relief for just any alleged error." *Bullard v. United States*, 937 F.3d 654, 658 (6th Cir. 2019). To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 485 (1986)).

#### 2.     Evidentiary Hearing

The Court must hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required if Defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quotation omitted).

**B.     Discussion**

Defendant's sole ground for relief asserts that he is entitled to resentencing because a prior conviction that was used to assess criminal history points at his sentencing has been set aside. (§ 2255 Mot., ECF No. 1, PageID.5.) Specifically, Defendant asserts that on November 2, 2021, a prior conviction for possession of marijuana from Ingham County, Michigan, was expunged. (*Id.*) According to Defendant, if this conviction were not considered for purposes of the Sentencing Guidelines, he would now be at a total offense level of 36 and criminal history category IV, calling for 262 to 327 months of incarceration. (*Id.*, PageID.12.) The government contends that Defendant's § 2255 motion should be denied because the "state law through which [Defendant] successfully set aside his conviction precludes his using the order to collaterally attack another sentence." (ECF No. 6, PageID.45.) The government also asserts that Defendant "cannot show what federal law requires because his prior conviction was neither expunged nor set aside for reasons that would change his otherwise applicable guideline score and, even if it had been, the claim is not cognizable on collateral review." (*Id.*)

On May 27, 2009, in the 54A District Court for Lansing, Michigan, Defendant was convicted of possession of marijuana. *See* Presentence Investigation Report (PSR), *United States v. Mizori*, No. 1:13-cr-9-2 (W.D. Mich.) (ECF No. 114, PageID.721). He was initially sentenced to 7 days in jail and 12 months of probation under the Holmes Youthful Trainee Act (HYTA). *Id.* Ultimately, Defendant's probation and HYTA status were revoked on February 14, 2011. *Id.* The Probation Officer who prepared the PSR assessed one criminal history point for this conviction. *Id.* However, in an order entered on November 2, 2021, the 54A District Court granted Defendant's application to have the conviction set aside, and the case was made non-public. (ECF No. 8.)

6

As an initial matter, the government is correct that Defendant may not now seek resentencing based upon the set aside of this misdemeanor conviction for possession of marijuana. Indeed, the order setting aside the conviction itself states: "Under MCL 780.621f, if this order sets aside a conviction, the applicant may not seek resentencing in another criminal case for which the conviction being set aside was used in determining an appropriate sentence." (*Id.*, PageID.59.) In any event, for the reasons discussed below, the Court agrees with the government that Defendant's "prior conviction was neither expunged nor set aside for reasons that would change his otherwise applicable guideline score and, even if it had been, the claim is not cognizable on collateral review." (ECF No. 6, PageID.45.)

The Sentencing Guidelines expressly provide that "[s]entences for expunged convictions are not counted [when computing criminal history], but may be considered under § 4A1.3 (Departures Based on Inadequacy of Criminal History Category (Policy Statement))." *See* USSG § 4A.1.2(j). The commentary to § 4A1.3 provides further detail. Specifically, the commentary states:

> Sentences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted. With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law (e.g., 21 U.S.C. § 851 expressly provides that a defendant may collaterally attack certain prior convictions).

*Id.*, cmt. 6. Furthermore, with respect to pardons and convictions that are set aside, the commentary states:

> A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted. § 4A1.2(j).

7

*Id.*, cmt. 10.

The Sixth Circuit has adopted the definition of "expunge" set forth in *Black's Law Dictionary,* which defines "expunge" as "[t]o erase or destroy." *See United States v. Shor*, 549 F.3d 1075, 1078 (6th Cir. 2008) (citing *Black's Law Dictionary* (8th ed. 2004)). Here, although Defendant's prior conviction for possession of marijuana was set aside, it was not expunged because the records were not deleted, stricken, or destroyed. Instead, the order granting Defendant's application to set aside the conviction indicates that the set aside merely resulted in the case being made non-public. (ECF No. 8.) While state law provides that once a conviction is set aside, the defendant is "considered not to have been previously convicted" for all "purposes of the law," *see* Mich. Comp. Laws § 780.622(1), "the fact of the matter remains that [Defendant] was convicted of a crime and a record of that crime continues to exist." *Awad v. Reilly*, Nos. 357544, 357550, 2022 WL 17997788, at *4 (Mich. Ct. App. Dec. 29, 2022). Moreover, under state law, the non-public record of a conviction that has been set aside may be provided to, *inter alia*, "a court of competent jurisdiction" for, among other reasons, "[t]he court's consideration in determining the sentence to be imposed upon conviction for a subsequent offense that is punishable as a felony." Mich. Comp. Laws § 780.623(2)(c).

Furthermore, Defendant has not demonstrated that his possession of marijuana conviction was set aside for reasons of constitutional invalidity, innocence, or errors of law, as required under USSG § 4A1.2 cmt. 6. Michigan state law provides for "[a] rebuttable presumption that a conviction for a misdemeanor marihuana offense sought to be set aside by an application was based on activity that would not have been a crime if committed on or after December 6, 2018." *See* Mich. Comp. Laws § 780.621e(4). The presumption may be rebutted by evidence presented by the prosecuting agency that "the conduct on which the applicant's conviction was or convictions

were based would constitute a criminal violation of the laws of this state or a political subdivision of this state if it had been committed on or after December 6, 2018." *Id.* However, the prosecuting agency must respond to the application within 60 days, and if no response is filed within that time, the convicting court "must within 21 days enter an order setting aside the conviction or convictions." *See* Mich. Comp. Laws § 780.621e(4)–(5). Nowhere in the order granting Defendant's application to set aside the conviction does it state that it was set aside for reasons of constitutional invalidity, innocence, or errors of law. Thus, even though Defendant's prior conviction has been set aside, it still qualifies as a prior conviction for purposes of determining Defendant's criminal history in this Court. *See United States v. Cohen*, No. 09-20326, 2024 WL 83249, at *2 (E.D. Mich. Jan. 8, 2024) (concluding the same and rejecting a § 2255 motion premised upon the same argument).

In any event, even if Defendant's conviction that has now been set aside could no longer be scored under USSG § 4A1.2, Defendant cannot show that the resulting guidelines range would fall below the sentence he received. According to Defendant, if this conviction were not considered for purposes of the Sentencing Guidelines, he would now be at a total offense level of 36 and criminal history category IV, calling for 262 to 327 months of incarceration. (§ 2255 Mot., ECF No. 1, PageID.12.) However, that guidelines range is still above the statutory maximum of 240 months. Thus, like at Defendant's sentencing in 2013, the statutory maximum of 240 months would still be the advisory guidelines range. The Court sentenced Defendant to 240 months. Removing one criminal history point from Defendant's criminal history would simply not affect the length of his sentence. *See United States v. Pettiford*, 612 F.3d 270, 277–78 (4th Cir. 2010) (affirming the denial of the movant's § 2255 motion because the vacatur of the movant's prior convictions had no effect on the length of his federal sentence).

In sum, the record before the Court supports a conclusion that Defendant's sole ground for relief is meritless. Accordingly, there is no need for the Court to conduct an evidentiary hearing, and Defendant's § 2255 motion (ECF No. 1) will be denied.

### III.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(B), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Defendant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Defendant's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Defendant's claim. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Defendant's claim was debatable or wrong. Therefore, the Court will deny Defendant a certificate of appealability. Moreover, although Defendant has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a

10

constitutional right, the Court does not conclude that any issue Defendant might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### IV. Conclusion

For the foregoing reasons, the Court will deny Defendant's § 2255 motion. Accordingly,

**IT IS ORDERED** that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

A separate judgment will follow. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Dated:   October 24, 2024                            /s/ Paul L. Maloney
                                                                            Paul L. Maloney
                                                                            United States District Judge